FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 JAN 27 AM 10: 05

U.S. DISTRICT COURT
N.D. OF ALABAMA

ERIC ROWELL,

    Plaintiffs,

vs.                                                         CASE NO. CV-97-J-2029-S

EXCEL MINING SYSTEMS,

    Defendants.

ENTERED
JAN 27 1999

## MEMORANDUM OPINION

Currently pending before the court is the defendant Excel Mining Systems's ("Excel") motion for summary judgment (doc. 10), to which the plaintiff filed an opposition thereto ("plaintiff's opposition"). Thereafter, Excel filed a reply to plaintiff's opposition.

### I. Procedural History

Plaintiff commenced this action on August 4, 1997 by filing a complaint alleging that the defendant discriminated against him on the basis of his race (African-American), in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq.* Upon consideration of the pleadings, briefs, and evidentiary submissions, the court concludes that the motion for summary judgment is due to be granted.

### II. Factual Background

In the light most favorable to the plaintiff, the facts of this case are as follows: The plaintiff was hired by the defendant on August 17, 1995 as an operator of a steel press

machine. Plaintiff's brief in opposition, complaint at ¶ 7, defendant's brief at 2, citing plaintiff's depo at 89. He was terminated on July 15, 1996. Complaint at ¶ 7.

Plaintiff alleges that he was fired under circumstances similar to those under which other, white employees have not been terminated. Complaint at ¶12. These circumstances essentially involve three separate occasions of discipline: being terminated by the foreman and then rehired by the plant manager (defendant's brief at 3, citing to plaintiff's depo at 122-128), being suspended for allegedly sleeping on the job, and that he was terminated based on his race. *See* defendant's reply to plaintiff's opposition ("defendant's reply") at 1.

Plaintiff testified in his deposition that in October, 1995, after the O.J. Simpson verdict, he felt a lot of hostility directed toward him (Rowell declaration at ¶ 2), although he can point to no specific instances of conduct. Plaintiff stated he just felt "a real bad vibe." Plaintiff's depo. at 121-122, defendant's brief at 3. The plaintiff called in sick that Wednesday. Plaintiff's depo at 122-123. Upon returning to work, plaintiff states that the foreman said to him that "I don't need no boys that don't want to work," which plaintiff took to mean he was fired, so plaintiff left the premises. Defendant's brief at 3, plaintiff's depo. at 123-124, plaintiff's opposition at 2. Plaintiff alleges that the term "boy" was directed at him in particular. Plaintiff's depo. at 123-124, 127-128, plaintiff's opposition at 2.

Plaintiff, however, alleges that he was singled out for this generalized tension because of his interracial marriage and admits that no other black employees were subjected to this hostility. Plaintiff's depo. at 122, 126, defendant's brief at 4. Plaintiff also states that although he believes his foreman fired him for a discriminatory reason, the foreman never

2

mentioned that he even knew that plaintiff was married to a white woman. Plaintiff's depo. at 127-128, 137.[1] The following week, the plaintiff was rehired by the plant manager. Plaintiff's opposition at 3.[2]

Additionally, plaintiff stated that by being terminated for missing one day of work due to illness, he was being treated differently than other employees, both black and white. Plaintiff's depo. at 128-130, 266-267. Plaintiff also alleges that the foreman made racially derogatory comments to him, however, these comments did not mention race or plaintiff's interracial marriage. Plaintiff's depo at 137-138, defendant's brief at 5. Plaintiff makes other allegations of racial comments too, however, none of these statements appear to have ever been directed at anyone other than plaintiff, including other black employees. Depo. of plaintiff at 141-142, 145-148, 223, 252-253, defendant's brief at 5-6.

Furthermore, plaintiff testified that he never told the plant manager that he felt harassed because of his race or interracial marriage by the foreman. Plaintiff's depo. at 175, 178-179, defendant's brief at 6.

---

[1]The foreman's testimony regarding the plaintiff's spouse was that he knew that the plaintiff was married to a white woman, but never made any comments regarding this at work and has no opinion about interracial marriage. Depo. of Sam Uptain at 40.

[2]In the light most favorable to the plaintiff, the court is unable to find that the plaintiff was actually terminated on this occasion. His deposition testimony is that the foreman stated to him that "I don't need no boys that don't want to work." The plaintiff then states that he left the foreman's office because he was upset, gathered all of his things, and told other people that he works with that "I'm out of here." Plaintiff's depo. at 123-125. Nowhere does plaintiff allege that the foreman ever told him he was fired. However, the plaintiff refers to this incident as a termination. S*ee e.g.* plaintiff's opposition at 12. The plaintiff asked the plant manager for his job back the next day, and was "rehired" as well as having the manager offer to let the plaintiff work overtime to make up for time lost from work.

3

Plaintiff also alleges that other employees were not punished for absences like he was. Plaintiff's depo. at 266-267. However, of the employees that plaintiff states were subject to different discipline, two of the three are black. Plaintiff's depo. at 267. Additionally, plaintiff signed each written warning that he received except the reprimand for sleeping. Exhibits B, C and D to defendant's brief. Plaintiff agrees that the warnings of March 27, 1996 and April 9, 1996 were warranted. Plaintiff's opposition at 14. Plaintiff also claims that the foreman harassed him about using the telephone at work and that another employee was not harassed for the same behavior. Plaintiff's depo. at 147-150, 179. That other employee is also black. Brief of defendant at 9.

Plaintiff also claims that he was wrongfully disciplined for sleeping on the job. Plaintiff's depo. at 150-153. The plant manager suspended the plaintiff for three days based on the foreman's report that the plaintiff was sleeping. Plaintiff's depo. at 188-189, Exhibit D to defendant's brief. Plaintiff alleges that the plant manager taking the foreman's word over that of the plaintiff's was discriminatory. Plaintiff's depo. at 158-159. However, plaintiff admits that the actual suspension he received from the plant manager was not based on his race. Plaintiff's depo. at 160.

Plaintiff claims he was terminated for poorly made plates. Plaintiff's depo. at 163-164, 167-169. Plaintiff's termination notice states that the plaintiff was terminated for "failure to meet quality standards," "leaving work area without notifying supervisor," "sleeping on the job," and "refusing to do his job assignment and insubordination." Exhibit G to defendant's brief, notice of termination, plaintiff's depo. at 192-193.

4

### III. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial."

Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Clark & Coats, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 47 U.S. at 251-252.

### IV. Discussion

The plaintiff contends that defendant discriminated against him by treating him differently than other employees and then terminating him, and that such actions were

motivated by his race. To prove his claims under Title VII and 42 U.S.C. § 1981, the plaintiff must prove that the defendant acted with discriminatory purpose. *See e.g. Armstrong v. Flowers Hospital, Inc.,* 33 F.3d 1308, 1313 (11th Cir. 1994). The evaluation of evidence bearing on the employer's intent differs, depending on whether the proof is direct of circumstantial evidence. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742 (1993). Here, no direct evidence of discrimination exists as all of plaintiff's allegations are based on his "bad vibes" (plaintiff's depo. at 121) and feeling of "tension in the air." Plaintiff's depo. at 122. Plaintiff states that his claims are based on circumstantial evidence. Plaintiff's opposition at 10. Thus, this court must look to the circumstantial evidence alleged by plaintiff.[3]

When evidence of discrimination is circumstantial in nature, the Supreme Court has fashioned a three prong test for focusing the court's examination of the evidence and allegations. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817 (1973); *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248; 252-253; 101 S.Ct. 1089, 1093-1094 (1981). First, the plaintiff must establish a *prima facie* case of discrimination. Establishment of a *prima facie* case creates a presumption that the employer unlawfully discriminated against the employee. *Burdine,* 450 U.S. at 248; *Combs v. Plantation Patterns,*

---

[3]The court is also mindful that the plaintiff admitted in his deposition to numerous instances of lying in job applications, failure to report income for income tax purposes and failing to report income when applying for unemployment compensation. *See, e.g.* plaintiff's depo. at 31-35. This court notes that all of the allegations of the plaintiff which form the basis for this case are grounded solely in the plaintiff's belief he was being subjected to discrimination.

7

106 F.3d 1519 (11th Cir. 1997). Meeting this burden creates a presumption of discrimination. *Combs*, 106 F.2d at 1528.

Assuming the employee meets this burden, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the alleged discriminatory employment action. *Id.* The defendant can feasiblely present such strong evidence of a nondiscriminatory rationale that summary judgment is warranted. *Brown v. American Honda Motor co., Inc.*, 939 F.2d 946, 950 (11th Cir. 1991), *cert. denied*, 502 U.S. 1058 (1992)(quoting *Grigsby v. Reynolds Metals Co.*, 821 F.2d 590. 596 (11th Cir. 1987).

Once a defendant presents a legitimate, nondiscriminatory reason for its action, the presumption of discrimination drops from the case. *Burdine*, 450 U.S. at 255 and n. 10.[4] The plaintiff must then demonstrate by a preponderance of the evidence that the reason offered by the defendant was not the true reason for the employment decision, but rather a mere pretext for discrimination. *McDonnell Douglas*, 411 U.S. at 804.

In order to establish a *prima facie* case of discrimination concerning discipline of employees, the plaintiff must show that he was treated differently than similarly situated employees. *McCollum v. Bolger*, 794 F.2d 602, 608 (11th Cir. 1986). However, while plaintiff has shown some evidence that he was disciplined differently that other employees, he has failed to show that this discipline was based on any racial animus. For, all of his allegations of disparate treatment, the plaintiff points to other black employees as well as

---

[4]The disappearance of the presumption does not compel summary judgment in favor of a Title VII defendant. The ultimate question remains the same: whether the plaintiff can persuade the trier of fact that he has ben the victim of intentional discrimination. *See Howard v. BP Oil Co.*, 32 F.3d 520, 525 (11th Cir. 1994).

white who were treated differently. For example, the plaintiff points to the fact that another employee was not disciplined for telephone usage, however, that other employee is the same race as plaintiff. Plaintiff's depo. at 179. Likewise, for the employees plaintiff cites as not being disciplined as he was for absences, two of the three employees named are also black. Plaintiff's depo. at 266-267. Additionally, plaintiff admits that the plant manager was not motivated by race of discrimination by suspending the plaintiff for sleeping. Plaintiff's depo. at 160.

Plaintiff relies in part on *Jones v. Gerwens*, 874 F.2d 1534 (11th Cir. 1988) for the standard of proof in a disparate treatment case. *Jones v. Gerwens* was a disparate treatment case in which the court stated, "the most important variables in the disciplinary context, and the most likely sources of different but nondiscriminatory treatment, are the nature of the offenses committed and the nature of the punishment imposed. 874 F.2d at 1539-1540; citing *Moore v. City of Charlotte,* 754 F. 2d 1100, 1105 (4th Cir.), *cert. denied* 472 U.S. 1021, 105 S.Ct.3489 (1985). In *Jones,* the court then states that "we hold that, in cases involving alleged racial bias in the application of discipline for violation of work rules, the plaintiff, in addition to being a member of a protected class, must show either" (a) he did not violate the work rule or (b) he engaged in misconduct similar to a person outside the protected class and that the disciplinary measures imposed were more severe.... The law is clear that, even if a Title VII claimant did not in fact commit the violation with which he is charged, an employer successfully rebuts any *prima facia* case of disparate treatment by showing that it honestly believed the employee committed the violation." *Jones,* 874 F.2d at 1540; citing *Chaney v Southern Railway Co.*, 847 F.2d 718, 723-724 (11th Cir. 1988)(focusing disparate

9

treatment inquiry on whether employer has "reason to believe" employee was trying to cover up on-duty marijuana use; *Nix*, 738 F.2d at 1186 ("if an employer applies a rule differently to people it believes are differently situated, no discriminatory intent has been shown"). Furthermore, the plaintiff must also show that the supervisor of foreman was aware of violations of rules by other employees and that the known violations were consciously overlooked. *Jones*, 874 F.2d at 1542.

Thus, even if the plaintiff was not, for example, sleeping on the job, if the plant manager believed the foreman over plaintiff, the plant manager was entitled to impose discipline. Plaintiff himself admits that such discipline by the plant manager was not motivated by racial animus. While plaintiff alleges that he meets his burden of proof if any of the actors in a claim of discrimination for discipline acted on a racially motivated basis, this court can find no evidence that the foreman's report to the plant manager was based on racial animus.[5]

In order to establish that the plaintiff was fired due to his race, he must show that (1) he belongs to a group protected by the statute; (2) he was qualified for the job from which he was fired; (3) he was terminated; and (4) after his termination, the employer hired a person not in the plaintiff's protected class, or retained those having comparable or lesser qualifications, not in plaintiff's protected class." *Whiting v. Jackson State Univ.*, 616 F.2d

---

[5] Essentially, and as discussed below, the evidence in this case establishes that the foreman did not care for the plaintiff and very possibly was trying to get him fired. However, because the plaintiff was apparently singled out for treatment different from other black employees as well as from white employees, this court can find no basis for the proposition that the discriminate treatment was based on race.

116, 120 (5th Cir. 1980). While plaintiff has established the first three prongs of this test, no evidence at all has been established by either party that this position was filled by anybody. Thus, this court is unable to find that the plaintiff was terminated due to his race.[6]

Even assuming this court found that the plaintiff had made out a *prima facie* case of race discrimination, the court finds that the defendant established nondiscriminatory reasons for its actions. While plaintiff alleges that he was treated differently from other employees, he does not provide any evidence of how other employees believed to be sleeping on the job were treated, or how other employees who also missed a day from work and who had similar previous write-ups were treated. Assuming another employee also failed to meet quality standards, unless he had also been previously disciplined for leaving his work area and sleeping on the job, he was not a similarly situated employee. *See Jones v. Bessemer Carraway*, 137 F.3d 1306, 1312 (11th Cir.1998)(part B of opinion superceded on denial of r'hrg, 151 F.3d 1321).

"Federal courts do not sit to review the accuracy of the employer's fact finding or of the employer's decision to terminate a plaintiff's employment." *Bessemer Carraway*, 151 F.3d 1321 (11th Cir. 1998); citing *Nox,* 738 F.2d at 1187 ("Title VII is not a shield against harsh treatment in the workplace.... The employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action

---

[6]The foreman also testified that he did not recommend discipline to the plant manager, that he only reported action to him. Uptain's depo. at 42. He further testified that the plant manager was responsible for discipline. Uptain's depo. at 43. Additionally, the foreman stated that he does not know who replaced the plaintiff and that he does not remember anyone replacing the plaintiff. Uptain's depo. at 43.

is not for a discriminatory reason"). Considering the law, the court finds that most of plaintiff's allegations are not evidence of discrimination. For example, the plaintiff states that he does not feel that his three day suspension for sleeping was motivated by race. He states, "I just feel he took [Uptain's] word over mine." Plaintiff's depo. at 160. The plaintiff further states that he would not consider other incident's of which he complains (such as the breakroom and phone use) to be discriminatory. Plaintiff's depo. at 148-149.

Plaintiff claims that the defendant demonstrated hostility towards a certain group and that this general hostility towards the group was the true reasoning behind firing plaintiff as a member of this group, citing *Heyne v. Caruso*, 69 F.3d 1475, 1479 (9th Cir. 1995). However, from reviewing all of the evidence submitted by the parties, and considering all of the evidence in the light most favorable to the plaintiff, this court can find no evidence of hostility towards a certain group. Any evidence of hostility is directed solely at the plaintiff by the foreman. "The plaintiff cannot turn a personal feud into a sex discrimination case by accusation. There was not proof offered to show that [the supervisor] was prejudiced against the plaintiff or any other woman because of her sex." *McCollum v. Bolger*, 794 F.2d 602, 610 (11th Cir. 1986).

## V. Conclusion

All the allegations of discrimination by the foreman are generalized comments that are as likely not based on race as anything else. No allegations of any type of hostility are claimed by the plaintiff against either of the two plant managers that were there during the

same time as the plaintiff. The plaintiff does not dispute that the plant manager terminated him.

All the court has before it is the plaintiff's mere allegations that the defendant, acting through its plant foreman, did not like the plaintiff. Plaintiff has presented no evidence which would tend to make this dislike based on race, especially considering the plaintiffs's testimony that other black employees were treated differently from the plaintiff as well as other white employees.

Therefore, the Court **GRANTS** the defendant's motions for summary judgment. This case is **DISMISSED** with **PREJUDICE**.

**DONE** and **ORDERED** this the 26 day of January, 1999.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE